UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ANTHONY ARMSTRONG, | No.  2:25-cv-1027 DAD AC P |
| Plaintiff, | |
| v. | ORDER |
| PLUMAS COUNTY SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 and state tort law without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a), 1915(b)(1).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

II.     Factual Allegations of the Complaint

The complaint alleges that defendants Plumas County Sheriff's Department, Clark, Fatheree, and McClure were negligent and violated plaintiff's constitutional rights.[2] ECF No. 1.

---

[2] While plaintiff includes the Hells Angels Motorcycle Club ("Hells Angels") in the caption and plaintiff identification section of the complaint, it appears that he is referencing his own status as a Hells Angel rather than attempting to include the organization as a separate plaintiff. See ECF No. 1 at 1-2. To the extent plaintiff may be attempting to include the Hells Angels as a separate plaintiff, he is not an attorney and pro se litigants may not represent anyone but themselves. See (continued)

2

Plaintiff generally alleges that McClure wrote him up for, and told other law enforcement officers about, confidential statements he made to his attorney and physician. Id. at 5. He also references an attached disciplinary write up.[3] Id. The write up states that on March 28, 2025, plaintiff attended a court hearing and "loudly stated" the following: "I don't fucking care if I go to prison for conspiracy to commit murder. When I'm done with this case, they will all get what's coming to them, especially the fucking officers in the jail. . . . I don't give a fuck; they will all pay." Id. at 7. He further stated, "I don't care if everyone can hear me." Id. The report also references an incident from the previous day during which plaintiff made "several threats to kill Detective J. Fatheree." Id. at 7. Those statements were made during an appointment with Dr. B during which he stated, "they will get what['s] coming to them," which plaintiff asserts was a reference to a lawsuit. Id. at 8.

### III.   Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the First, Fourth, Sixth, or Fourteenth Amendments against defendant McClure for describing plaintiff's conversations with his attorney and with Dr. B to deputies and in incident reports. The remaining claims under state tort law and against the Plumas County Sheriff's Department, Clark, and Fatheree are also defective.

While plaintiff lists Clark and Fatheree as defendants, he fails to allege any conduct by either defendant. For a defendant to be held liable under § 1983, plaintiff must allege facts showing their specific conduct that violated his constitutional rights. Additionally, while the Plumas County Sheriff's Department can be subject to a civil rights action under § 1983, plaintiff must first allege facts showing that a policy or custom of the Plumas County Sheriff's Department deprived him of his constitutional rights. Plaintiff fails to allege that any policy or custom of the Plumas County Sheriff's Department caused his constitutional rights to be violated. As a result,

McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-attorney may appear on his own behalf but "has no authority to appear as an attorney for others than himself" (citations omitted)).

[3] In addition to the write up at issue, plaintiff attaches numerous grievances that he filed, incident reports, and disciplinary charges and rights forms from his incarceration in the Plumas County Jail, however it is unclear how many of the documents relate to his claim. ECF No. 1 at 9-37.

3

plaintiff fails to state any claims for relief against these defendants. He also fails to state any state law tort claims against any defendant, including McClure, because he has not alleged compliance with the California Government Claims Act.

With respect to the allegations against defendant McClure, communications between an attorney and client may be protected under the Fourth Amendment if there is an attorney-client relationship and the information is communicated with a reasonable expectation of privacy. Information that is said out loud in a courthouse, such that other people in the courthouse can hear it, is not protected under the Fourth Amendment. Plaintiff alleges that he was written up for "speaking loud" to his attorney while in the courtroom (ECF No. 1 at 5), and the incident report indicates that he stated, "I don't care if everyone can hear me," (id. at 7). Both the location of the conversation and plaintiff's volume suggest that he spoke to his attorney without a subjective or objective expectation of privacy, rendering that communication unprotected by the Fourth Amendment. Similarly, while plaintiff claims that McClure's disclosure of his communication with his attorney compromised his case, given the public nature of plaintiff's statements, plaintiff has offered no facts showing that McClure interfered with his confidential relationship with his attorney or that the interference prejudiced his case and thereby violated the Sixth Amendment.

Regarding the communications made during his appointment with Dr. B., plaintiff appears to be claiming a violation of his Fourteenth Amendment substantive right to medical privacy. While inmates have a limited constitutional right to the privacy of their medical information, it does not appear from the complaint that the statements at issue were medical in nature and therefore protected. Rather, plaintiff states that the communication in question was "they will get what['s] coming to them" (ECF No. 1 at 8), which has no apparent medical purpose and there are no facts demonstrating that any private medical information was compromised. To the extent if any that plaintiff is attempting to claim damages for violating the Health Insurance Portability and Accountability Act of 1996 (HIPAA), this claim must fail both because there is no indication medical information was shared and because the HIPAA does not create a private cause of action and cannot form the basis of a § 1983 claim.

Finally, plaintiff's general claim of retaliation fails because he has not alleged any specific

4

retaliatory conduct by McClure or that McClure targeted him for engaging in protected speech.

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

IV.    Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.    Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

5

<u>CONCLUSION</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, <u>see</u> 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: February 13, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.    Personal Involvement

"Liability under § 1983 must be based on the personal involvement of the defendant," Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff must link each individual defendant with some affirmative act or omission that shows a violation of plaintiff's federal rights.

II.    County Liability

Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978). Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Id. at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt ex rel. Waugh v. Pearce, 954 F.2d 1470, 1474

1

(9th Cir. 1992) (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).  A plaintiff may also establish county liability by demonstrating that (1) the constitutional violation resulted from a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the individual who violated the plaintiff's rights "was an official whose acts fairly represent official policy such that the challenged action constituted official policy;" or (3) "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'"  Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

III.    State Law Claims

To state a viable state law claim against a public employee or entity, a plaintiff must allege compliance with the Government Claims Act.  See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237 (2004) (for claims against a public entity, timely presentation of a claim under the Government Claims Act is an element of the cause of action and must be pled in the complaint); Cal. Gov't Code § 811.2 (defining "public entity" to include a county or public agency); Cal. Gov't Code § 954.4 (barring suit against public entity without notice of claim); Cal. Gov't Code § 950.2 (barring claim against public employe if claim would be barred against public entity for failure to comply with claims statute).  This requirement applies in federal court. See Clapp v. City and County of San Francisco, 846 F. App'x 525, 526 (9th Cir. 2021) (affirming dismissal where plaintiff "failed to allege facts sufficient to show that he complied with, or was excused from, the claim presentment requirement of the California Government Claims Act" (citation omitted)).

IV.    Retaliation

To state a claim for retaliation, a plaintiff must allege defendants (1) took adverse action against plaintiff (2) because of (3) plaintiff's protected conduct, and that the action (4) would chill an inmate of reasonable firmness from future protected conduct and (5) lacked a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

An adverse action is an act (or failure to act) by prison officials which causes harm, and "the mere *threat* of harm can be an adverse action, regardless of whether it is carried out."

2

Brodheim v. Cry, 584 F.3d 1262, 1269-70 (9th Cir. 2009) (emphasis in original).  To show defendants retaliated "because of" the plaintiff's actions, the plaintiff must show the defendants were motivated by his protected conduct.  See Crawford-El v. Britton, 523 U.S. 574, 592 (1998) (proof of defendant's general animosity toward plaintiff would not necessarily show her conduct was motivated by plaintiff's protected conduct).  Protected conduct refers to acts taken by the plaintiff that are protected by the First Amendment and may include lawsuits and grievances, as well as verbal complaints or threats to sue.  See Rhodes, 408 F.3d at 567 (prisoners have a First Amendment right to file prison grievances and pursue civil litigation); Shepard v. Quillen, 840 F.3d 686, 688 (9th Cir. 2016) (prisoners have "First Amendment right to report staff misconduct"); Jones v. Williams, 791 F.3d 1023, 1036 (9th Cir. 2015) (threats to sue constitute protected conduct); Entler v. Gregoire, 872 F.3d 1031, 1039 (9th Cir. 2017) (form of complaint, including verbal, "is of no constitutional significance").

V.     Private Communications with Attorneys

The Fourth Amendment protects communications where there is a "reasonable expectation of privacy."  United States v. Van Poyck, 77 F.3d 285, 290 (9th Cir. 1996) (citation omitted).  "Such a 'constitutionally protected reasonable expectation of privacy' exists only if (1) the defendant has an 'actual subjective expectation of privacy' in the place searched and (2) society is objectively prepared to recognize that expectation."  Id. (quoting United States v. Davis, 932 F.2d 752, 756 (9th Cir. 1991)).  "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law."  Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (citation omitted).

Inmates also have a Sixth Amendment right to a confidential relationship with their defense counsel, free of government interference.  Nordstrom v. Ryan, 762 F.3d 903, 909-10 (9th Cir. 2014).  Deliberate government interference with the confidential relationship between attorney and client may violate the Sixth Amendment "if it substantially prejudices the criminal defendant."  Id. at 910 (quoting Williams v. Woodford, 384 F.3d 567, 584-85 (9th Cir. 2004)).

VI.     Medical Information Privacy

"Individuals have a constitutionally protected interest in avoiding 'disclosure of personal

3

matters,' including medical information." Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004) (citing Whalen v. Roe, 429 U.S. 589, 599 (1977)), abrogated on other grounds by Dobbs v. Jackson Women's Health Org., 579 U.S. 215 (2022). However, the constitutional right to medical privacy "is a conditional right which may be infringed upon a showing of proper governmental interest." Id. at 551. In the prison context, inmates do not have a right to the privacy of medical information if the government has a legitimate penological interest in that information. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). Penological interests may include access necessary to "protect prison staff and other prisoners from communicable diseases and violence, and to manage rehabilitative efforts. Id. at 535.